JONAS COMPANY, Plaintiff and Appellant, vs. ELECTRICAL WORKERS UNION LOCAL No. 494, A. F. L., and another, Defendants and Respondents: ALLIED INDEPENDENT UNIONS, C. U. A., Interpleaded Defendant.

*March 30—May 5, 1953.*

For the appellant there were briefs by *Glenn S. Kenngott,* attorney, and *Drought & Grootemaat, Robert E. Cook,* and *John H. Wessel* of counsel, all of Milwaukee, and oral argument by *Mr. Cook.*

For the respondents there was a brief by *Padway, Goldberg & Previant,* and oral argument by *Saul Cooper,* all of Milwaukee.

For the interpleaded defendant there was a brief and oral argument by *Sydney M. Eisenberg* of Milwaukee.

GEHL, J.  Defendants contend that the provisions of sec. 103.62 (1), Stats., are applicable and that the court properly applied them in determining that a labor dispute between plaintiff and its employees existed. They contend further that, if it were to be held that the provisions of sec. 103.62 (3) are applicable, they are invalid as an attempted infringement of the constitutional right of free speech.

An erroneous construction by the trial court of the applicable statutes, and the absence of formal findings, have brought this matter to us in such shape that we are unable to reach the important issue upon which the case must turn. We do not refer to the absence of findings by way of criticism—the judge had for consideration no more than a motion. As we shall point out, however, the determination of the question whether the statutes are valid requires consideration of the trial judge's findings when they are made.

Sec. 103.535, Stats., provides:

"It shall be unlawful for anyone to picket, or induce others to picket, . . . when no labor dispute, as defined in subsection (3) of section 103.62, exists between such employer and his employees or their representatives."

Sec. 103.62 (3), Stats., defines a labor dispute as a ". . . controversy between an employer and the majority of his employees in a collective-bargaining unit. . . ." It is conceded by defendants that no dispute, as it is defined in sec. 103.62 (3), between plaintiff and its employees existed when the picketing occurred.

Sub. (1) of sec. 103.62, Stats., contains definitions of a labor dispute different from that contained in sub. (3). Sub. (1) includes cases involving "persons who are engaged in a single industry" as involving or growing out of a labor dispute. The trial court concluded that this provision applies and said:

"The industry involved in this particular case is the electrical industry, and the controversy is between the employees of the plaintiff and the members of the defendant union, who, for the most part, are employees in the same industry. Therefore, within the clear meaning of the above-quoted section of the statute the issue in this case involves or grows out of a labor dispute."

The court was in error. No labor dispute as it is defined in sub. (3) of sec. 103.62, Stats., existed. Not only does

sec. 103.535 refer exclusively to sub. (3), but the latter closes with the declaration that its provisions "shall supersede any provision of the statutes in conflict therewith." It appears to us that this erroneous conclusion may have contributed or led to the court's ultimate determination, as to which we express no opinion at this time.

In the memorandum opinion appear several statements made by the court to the effect that the picketing was lawful and indicating a possibility that the court had in mind that the picketing was not conducted for an unlawful purpose. But nowhere in its opinion does the court make any statement, if we could consider the opinion as a statement of formal findings, that the activity was conducted for either a lawful or unlawful purpose. In the absence of such finding we consider that the cause should be remanded for a complete trial and determination of all the issues made by the pleadings, including formal findings, and the trial court's conclusion as to the validity of the statutes which we have concluded are applicable to the situation.

We agree with what is said regarding the importance of and need for findings by Mr. Justice Douglas in a dissenting opinion filed by him in *Local Union No. 10 v. Graham,* 345 U. S. 192, 202, 73 Sup. Ct. 585, 97 L. Ed. 000, decided March 16, 1953. In that opinion Mr. Justice Douglas said:

"The line between permissible and unlawful picketing will therefore often be narrow or even tenuous. A purpose to deprive nonunion men of employment would make the picketing unlawful; a purpose to keep union men away from the job would give the picketing constitutional protection. The difficulty here is that we have no findings of fact. We have only the recitation in the decree that the picketing conflicted with the Virginia statute.

"There is a dispute in the testimony as to the purpose of the picketing. The contractor testified that the aim was to coerce him to replace nonunion men with union men. The union official testified unequivocally that that was not the purpose, that the aim was to inform union men that nonunion

men were on the job. Perhaps the trial judge believed the contractor. Perhaps he deemed it irrelevant to resolve the conflict. Certainly I cannot resolve it from this cold record. I believe the case should be remanded for specific findings."

*By the Court.*—Order reversed and cause remanded for further proceedings in accordance with this opinion.